IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| | : | |
| JOSEPH L. BOLLARD | : | CASE NO. 5-14-04596 |
| | : | (INDICATE IF APPLICABLE) |
| | : | ____ Motion to Avoid Liens |
| | : | ____ Motion to Value Collateral |
| | : | |
| | : | _X_ Original Plan |
| | : | ____ Amended Plan |
| | : | (Indicate 1st, 2nd, 3rd, etc.) |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of this plan.

**PLAN PROVISIONS**

**DISCHARGE:** (Check One)

__X__ The debtor will seek a discharge of debts pursuant to Section 1328(a).
_____ The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in Section 1328(f)

**NOTICE OF SPECIAL PROVISIONS:** (Check if applicable)

_____ This plan contains special provisions that are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. Those provisions are set out in Section 8 of this plan. Other than to insert text into the designated spaces or to expand the tables to include additional claims, the preprinted language of this form may not be altered. This does not mean that the Debtor is prohibited from proposing additional or different plan provisions in Section 8. The Debtor may propose additional or different plan provisions or specify that any of the provisions will not be applicable, provided however, that each such provision or deletion shall be set forth in section 8.

**1. PLAN FUNDING AND LENGTH OF PLAN**

**A. Plan Payments**

1. To date, the Debtor has paid $0 (enter $0 if no payments have been made to the Trustee date). Debtor shall pay to the Trustee for the remaining term of

the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $18,191.05, plus other payments and property stated in Paragraph B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment |
|---|---|---|---|---|
| 11/14 | 11/19 | $303.18 | | $303.18 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and the attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding accordingly. Debtors are responsible for all post-petition mortgage payments due prior to the initiation of conduit mortgage payments.

3. Debtors shall take appropriate action to ensure that all applicable wage attachments are adjusted to conform to the terms of the plan.

4. CHECK ONE: (X) Debtor is at or under median income
( ) Debtor is over median income. Debtor calculate that a minimum of $___ must be paid to unsecured, non-priority creditors in order to comply with the Means Test

B. <u>Liquidation of Assets</u>

1. In addition to the above specified plan payments. Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as _____. All sales shall be completed by _____ ___, 20___. If the property does not sell by the date specified, then the disposition of the property shall be as follows:_____
_____

2. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:_____

3. The Debtor estimates that the liquidation value of this estate is $_____. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

2

## 2. SECURED CLAIMS.

A. <u>Pre-Confirmation Distributions.</u> Adequate protection and conduit payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Address | Account# | Estimated Monthly Payment |
|---|---|---|---|
| | | | |

The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtors' cure of this default must include any applicable late charges.

Upon receipt, Debtor shall mail to the Trustee all notices, from mortgages, including statements, payment coupons, impound and escrow notices, and notices concerning changes of the interest rate on variable interest rate loans. If any such notice informs the Debtors that the amount of the payment has increased or decreased, the change in the plan payment to the Trustee will not require modification of this plan.

B. <u>Mortgages and Other Direct Payments by Debtor.</u> Payments will be made outside the plan according to the original contract terms, with no modification of contract terms and with liens retained. All mortgage and other lien claim balances survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim |
|---|---|---|---|
| Wells Fargo Home Mortgage<br>PO Box 11701<br>Newark, NJ 07101-4701 | Residence<br>2398 State Route 547<br>Kingsley, PA 18826 | $1,315.87 | $122,800.00 |
| Wells Fargo Dealer Services<br>PO Box 25341<br>Santa Ana, CA 92799-5341 | 2005 Ford F-150 | $398.63 | $8,263.83 |

3

C. <u>Arrears.</u>   The Trustee shall distribute the amount of pre-petition arrearages set forth in the allowed proof of claim to each secured creditor set forth below.   If the Debtors or the Trustee objects to a proof of claim and the objection is sustained, or if the plan provides for payment of amounts greater than the allowed proof of claim, the creditor's claim will be paid in the amount allowed by the court.

| <u>Name of Creditor</u> | <u>Description of Collateral</u> | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be <u>Paid in plan</u> |
|---|---|---|---|---|
| Wells Fargo Home Mortgage<br>PO Box 11701<br>Newark, NJ 07101-4701 | Residence<br>2398 State Route 547<br>Kingsley, PA 18826 | $13,827.32 | | $13,827.32 |

D. <u>Secured Claims Paid According to Modified Terms.</u>   These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim.   Any claim listed as "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. THE LIENS WILL BE AVOIDED OR LIMITED THROUGH THE PLAN OR DEBTORS WILL FILE AN ADVERSARY ACTION TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN (Select method in last column):

| <u>Name of Creditor</u> | <u>Description of Collateral</u> | Modified Principal Balance | Interest <u>Rate</u> | Total <u>Payment</u> | Plan* or Adversary <u>Action</u> |
|---|---|---|---|---|---|

NONE

*"PLAN" INDICATES THAT THE DEBTOR(S) PROPOSES TO AVOID OR LIMIT THE LIEN OF THE CREDITOR IN THIS PLAN.  CONFIRMATION OF THE PLAN SHALL CONSTITUTE A FINDING OF VALUATION PURSUANT TO SECTION 506(a).  NO ADVERSARY COMPLAINT OR MOTION WILL BE FILED AND THE LIEN WILL BE AVOIDED BY A CONFIRMATION ORDER UPON DISCHARGE.  IF THE CREDITOR WISHES TO CONTEST THE AVOIDANCE OF THE LIEN, THE CREDITOR MUST FILE AN OBJECTION TO THIS PLAN.  OTHERWISE CONFIRMATION OF THE PLAN WILL AVOID THE LIEN UPON DISCHARGE.

E. <u>Other Secured Claims.</u> (Including conduit payments)

| <u>Name of Creditor</u> | <u>Description of Collateral</u> | Principal | Interest | Total to be Paid |
|---|---|---|---|---|

NONE

F.  **Surrender of Collateral.** Debtor(s) surrenders the following assets to secured creditors. Upon confirmation of the plan, bankruptcy stays are lifted as to the collateral to be surrendered. This provision does not prejudice a creditor's right to move to lift the stay prior to confirmation.

<u>Name of Creditor</u>                            <u>Description of Collateral to be Surrendered</u>
NONE

G.  <u>Lien Avoidance</u>. The debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to Section 522(f) (this section should not be used for statutory or consensual liens such as mortgages):

<u>Name of Creditor</u>                            <u>Description of Collateral</u>

NONE

H.  <u>Optional provisions regarding duties of certain mortgage holders and servicers.</u>
Property of the estate vests upon closing of the case, and Debtor elects to include the following provisions. (Check if applicable)

( )  Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtor to do the following:

(1) Apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

(2) Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

(3) Apply the post-petition monthly mortgage payments made by the Debtor to the post-petition mortgage obligations as provided for by the terms of the underlying mortgage note. Late charges may be assessed

5

Case 5:14-bk-04596-RNO   Doc 3   Filed 10/02/14   Entered 10/02/14 10:52:48   Desc
                        Main Document      Page 5 of 10

on 8 post-petition payments as provided by the terms of the mortgage and note.

(4) Notify the Debtor and the attorney for the Debtor, in writing, of any changes in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(5) Notify the Debtor, and the attorney for the Debtor, in writing, of any change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.

(6) Within 60 days after receipt of a written request made by the Debtor to the servicer or mortgage lender, with a copy served upon its counsel, the servicer or mortgage lender shall provide Debtor and his counsel a statement detailing the following amounts paid by the Debtor post-petition: (1) all payments applied to the principal balance; (2) all payments applied to interest; (3) all payments applied to any escrow account; (4) all payments applied to any pre-petition arrearage claim and the remaining balance; and (5) all fees and charges alleged to have accrued post-petition, along with an explanation thereof. The statement may be in the form of a post-petition ledger prepared by the servicer or lender provided the documents used to prepare same are also provided. The Debtor may (i) challenge this information by filing a motion with the court, to be served upon the holder and the Trustee, (ii) propose a modified plan to provide for payment of additional amounts that the Debtor acknowledges or the court determines are due, or (iii) take no action at all. To the extent that amounts set forth are not determined by the court to be invalid or are not paid by the Debtor through a modified plan, the rights of the holder to collect these amounts will be unaffected.

**3. PRIORITY CLAIMS**

A. Allowed unsecured claims entitled to priority under section 1322 (a) will be paid in full unless modified under paragraph 8:

<u>Name of Creditor</u>                             <u>Total Payment</u>

NONE

6

Case 5:14-bk-04596-RNO    Doc 3    Filed 10/02/14    Entered 10/02/14 10:52:48    Desc
Main Document    Page 6 of 10

B.  <u>Administrative Claims.</u>

(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rates fixed by the United States Trustee, not to exceed 10%.

(2) Attorney fees. In addition to the retainer of $1,600.00 already paid by the debtor, the amount of $2,710.00 shall be paid in the plan. Any amount exceeding the district's no-look fee will not be paid until a fee application for the requested amount is approved by the Court.

(3) Other administrative claims.

Name of Creditor                               Estimated Total Payment

**4. UNSECURED CLAIMS**

A.  <u>Claims of Unsecured Nonpriority Creditors Specially Classified</u>. Includes unsecured claims, such as co-signed unsecured debts, that will paid in full even though all unsecured claims may not be paid in full.

| <u>Name of Creditor</u> | <u>Reason for Special Classification</u> | Amount of Claim | interest Rate | Total Payment |
|---|---|---|---|---|
| | | | | |

B.  <u>Claims of General Unsecured Creditors</u>. All reaming allowed unsecured claims shall receive a pro-rate distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in plan) or rejected (so indicate):

| <u>Name of Creditor</u> | <u>Description of Collateral</u> | Monthly Payment | Interest Rate | Pre-Petition Arrears | Total Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| | | | | | | |

**6. REVESTING OR PROPERTY: (Check One)**

(X) Property of the estate will vest in the Debtor upon confirmation. (Not to be used with paragraph 2H)

( ) Property of the estate will vest in the Debtor upon closing of the case.

**7. STUDENT LOAN PROVISIONS**

A. <u>Student loan provisions.</u> This plan does not seek to discharge student loan(s) except as follows:

**(NOTE: If you are not seeking to discharge a student loan(s), do not complete this section.)**

| Name of Creditor | Monthly Payment | Interest Rate | Pre-Petition Arrears | Total Payment |
|---|---|---|---|---|

**8. OTHER PLAN PROVISIONS**

A. Include the additional provisions below or on an attachment. **(NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit)**

**9. ORDER OF DISTRIBUTION:**
Payments from the plan will be made by the trustee in the following order:
Level 1:_____
Level 2:_____
Level 3:_____
Level 4:_____
Level 5:_____
Level 6:_____
Level 7:_____
Level 8:_____

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:
Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations
Level 4:     Priority claims, pro rata.
Level 5:     Secured claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the debtor has not objected.

**GENERAL PRINCIPLES APPLICABLE TO ALL PLANS**
All pre-petition arrears and cram-downs shall be paid to the trustee and disbursed to creditors through the pan.

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subject to objection by the debtor. Claims filed after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objection, if appropriate.


Dated: October 2, 2014 /s/ Mark J. Conway
MARK J. CONWAY, ESQ.
Attorney for Debtor

/s/ Joseph L. Bollard
Joseph L. Bollard
Debtor

9

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
: CASE NO. 5-14-04596
JOSEPH L. BOLLARD
: CHAPTER 13
Debtor

## DEBTOR'S AFFIDAVIT OF DISBURSEMENT OF TRUSTEE FUNDS UPON DISMISSAL AND/OR CONVERSION OF CASE PRIOR TO CONFIRMATION

If my case is dismissed and/or converted to a Chapter 7 prior to confirmation of our Plan, I, Joseph L. Bollard, the Debtor in the above-captioned case, hereby assign to my attorney, Mark J. Conway, Esq., the funds held in trust by the Standing Chapter 13 Trustee, Charles J. DeHart, III, pursuant to the Chapter 13 Plan and hereby authorize the said Trustee to pay all of said funds to Mark J. Conway, Esq., for purposes of attorney compensation with the balance, if any, to be forwarded by my attorney to me.

/s/ Joseph L. Bollard
Joseph L. Bollard
Debtor

Dated: October 2, 2014